UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MANUEL GONZALES JR., <br><br> Plaintiff, <br><br> v. <br><br> ALLSTATE INSURANCE, et al., <br><br> Defendants. | CASE NO. C19-5569 BHS <br><br> ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND GRANTING PLAINTIFF LEAVE TO AMEND |

This matter comes before the Court on Defendant Allstate Insurance's ("Allstate") motion to dismiss. Dkt. 7. The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL BACKGROUND

In 2005, Gonzales was involved in two automobile accidents. Dkt. 1-1, ¶ 2.3. In 2009, Gonzales was examined by doctors Duff and Dietrich. *Id.* ¶ 2.18. On November 9, 2019, these doctors produced a report that Gonzales suffered no permanent injuries or further impairments from the 2005 collisions. *Id.* ¶ 2.18. In December 2009, Gonzales was involved in another accident while insured by Allstate. *Id.* ¶ 3.1. On November 13,

2013, Gonzales submitted a claim to Allstate for underinsured motorist coverage ("UIM"). *Id.* ¶ 2.15. Allstate hired Dr. John Wendt to evaluate Gonzales's injuries. *Id.* ¶ 4.7. Dr. Wendt was not provided the report from Drs. Duff and Dietrich and concluded that Gonzales's current limitations were caused by the 2005 collisions. *Id.* ¶ 4.15. On January 6, 2015, Gonzales alleges that "Allstate refused to pay [Gonzales] any UIM benefits." *Id.* ¶ 4.16. On October 19, 2015, Gonzales "provided written notice of the basis for his [Washington's Insurance Fair Conduct Act ("IFCA")] cause of action to the Washington Insurance Commissioner and Allstate." *Id.* ¶ 4.34.

On April 25, 2019, Gonzales filed a complaint against Allstate and others in Clark County Superior Court for the State of Washington. Dkt. 1-1. Gonzales asserts claims for breach of contract, bad faith, violations of Washington's Consumer Protection Act ("CPA"), and violations of IFCA. *Id.* ¶¶ 6.1–9.7.

On June 21, 2019, Allstate removed the matter to this Court. Dkt. 1.

On July 18, 2019, Allstate filed the instant motion to dismiss Gonzales's bad faith, CPA, and IFCA claims. Dkt. 7. On August 2, 2019, Gonzales responded and submitted numerous documents in support of his position. Dkt. 8. On August 9, 2019, Allstate replied. Dkt. 10.

## II. DISCUSSION

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the

complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

In this case, Allstate moves to dismiss (1) Gonzales's bad faith, CPA, and IFCA claims because they are barred by the statute of limitations and (2) his CPA claim because he fails to allege a cognizable injury. Dkt. 7. Regarding the first issue, Gonzales contends that he did not become aware of the factual basis for his claims until June 2016 when he discovered that Allstate did not provide Dr. Wendt with Drs. Duff and Dietrich's report. Dkt. 8 at 5–6. The problem with this argument is that none of these allegations are in his complaint. In fact, Gonzales alleges that he gave notice of Allstate's IFCA violations in October of 2015, which predates his now alleged accrual date of June 2016. It seems impossible to satisfy a notice requirement before the claim accrues. Regardless, Gonzales's claims, as alleged, are subject to dismissal as time-barred.

The next issue is whether the Court should grant leave to amend. In the event the court finds that dismissal is warranted, the court should grant the plaintiff leave to amend unless amendment would be futile. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). While Allstate provides authorities for the proposition that the statute of limitations begins upon Allstate's first denial of Gonzales's claim for benefits, the Court prefers to rule on actual claims in a complaint instead of speculative

claims advanced for the first time in a response brief.  Similarly, Allstate provides authority for the proposition that Gonzales is not entitled to equitable tolling, but that issue is usually one for summary judgment because it involves an analysis of facts as opposed to allegations.  *See, e.g.*, *Cornejo v. Channel Lending Co.*, C03-3181C, 2005 WL 668388 (W.D. Wash. Mar. 11, 2005).  Thus, the Court grants Gonzales leave to amend his complaint because it is at least unclear whether any amendment would be futile.

### III.  ORDER

Therefore, it is hereby **ORDERED** that Allstate's motion to dismiss, Dkt. 7, is **GRANTED** and Gonzales is **GRANTED** leave to amend.  Gonzales shall file an amended complaint no later than October 11, 2019.

Dated this 7th day of October, 2019.

_____
BENJAMIN H. SETTLE
United States District Judge